UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDA JELLEY and<br>JOSEPH F. SALCE,<br><br>  Plaintiffs,<br><br> vs.<br><br>COLTON AUTO, INC. D.B.A.<br>COLTON RV,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.<br>)<br>)<br>)<br>)<br>) **JURY TRIAL DEMANDED** |

## COMPLAINT

**AND NOW**, come the Plaintiffs, BRENDA JELLEY and JOSEPH F. SALCE, by and through their undersigned attorneys, EGAN AND JAMIOLKOWSKI, and file this Complaint in Civil Action against the Defendant, COLTON AUTO, INC. doing business as COLTON RV, respectfully averring as follows:

  1.  This Court is vested with jurisdiction in this Civil Action based upon diversity of citizenship of the parties and the amount in controversy which exceeds the sum of Seventy-Five-Thousand ($75,000) Dollars pursuant to 28 U.S.C. Section 1332.

  2.  Plaintiff, BRENDA JELLEY (hereinafter "Plaintiff Jelley"), is an adult individual and domiciliary of the State of Pennsylvania who resides at 646 West Philadelphia Street Extension, Armagh, Indiana County, Pennsylvania.

  3.  Plaintiff, JOSEPH F. SALCE (hereinafter "Plaintiff Salce"), is an adult individual and domiciliary of the State of Pennsylvania who resides at 646 West Philadelphia Street Extension, Armagh, Indiana County, Pennsylvania.

  4.  Defendant COLTON AUTO, INC. doing business as COLTON RV is acorporation

organized and existing under the laws of the State of New York, and is a domiciliary of New York with its principal place of business located at 3122 Niagara Falls Boulevard, North Tonawanda, New York.

5. At all times heretofore, the Defendant owned and operated a dealership involving the retail sales and servicing of recreational vehicles ("RVs") that were advertised, promoted and sold to Pennsylvania residents through newspaper, magazine and internet ads, as well as through its participation in trade and RV shows within the Commonwealth of Pennsylvania and as part of its business also delivered vehicles into Pennsylvania to customers of this state.

6. At all times heretofore, Defendant acted individually and through his agents, servants and/or employees whose services were provided within the scope of their agency and/or employment.

7. On or about August 12, 2015, Plaintiff Jelley's daughter, Lindsay A. Jelley, purchased from the Defendant a model year 2008 Georgie Boy Cruise Master RV (hereinafter "Cruise Master") for the operation and use by her mother and the Plaintiff Salce.

8. On or about August 18, 2015, the Plaintiffs picked up the Cruise Master at the Defendant's second location at 3443 Southwestern Boulevard, Orchard Park, New York and drove the vehicle back to Pennsylvania

9. While driving the vehicle from New York into Pennsylvania, the Plaintiffs noticed the smell of fuel inside the RV.

10. After returning to their residence, Plaintiff Salce called the Defendant to schedule an appointment to have the service department inspect the vehicle and make any necessary repairs to eliminate the odor in inside the RV.

11. On or about August 24, 2015, Plaintiffs returned to the Defendant's dealership for

the scheduled appointment and an employee of the Defendant drove the vehicle back to the service area.

12. After a very short time, an employee of the Defendant returned advising the Plaintiffs that the Cruise Master was inspected and that there was no defect in the fuel system or engine and that the RV was safe to drive.

13. The Plaintiffs were informed by the Defendant's agent and/or employee that the engine in the vehicle had only 9,000 miles and was like new requiring continued driving which should eliminate the odor.

14. On or about September 18, 2015, Plaintiff Salce was operating the Cruise Master, with the Plaintiff Jelley sleeping in the back of the RV, driving along State Route 611 at or near Mount Pocono Borough in the Commonwealth of Pennsylvania.

15. On the date aforesaid, as he was driving, Plaintiff Salce noticed people on the side of the road excitedly waiving at him which caused him to look in his side view mirrors and he saw smoke billowing from the RV.

16. After seeing the smoke, Plaintiff Salce stopped the vehicle and jumped outside to find that the Cruise Master was now engulfed in flames with the Plaintiff Jelley still inside.

17. At all times aforesaid, the vehicle was equipped with smoke detectors which failed to sound and never provided any warning to the Plaintiffs.

18. When the Cruise Master came to a stop, Plaintiff Jelley awoke in a smoke filled room inside the RV and was barely able to reach the front of the vehicle before being overcome by smoke, collapsing inside before being rescued by a bystander who came into the burning vehicle.

19. At all times aforesaid, the incident involving the fire and complete destruction of the Cruise Master and the injuries and damages suffered by Plaintiffs as hereinafter described

occurred within the Commonwealth of Pennsylvania.

20. At all times aforesaid, the Cruise Master RV sold by the Defendant was defective and dangerous in that it had a fuel system leak which was never repaired as well as inoperable smoke detectors required to warn occupants of impending danger from smoke and fumes.

21  The aforesaid Cruise Master RV was sold by Defendant into the stream of commerce, where it was used by the Plaintiffs in the manner for which it was intended.

22. At all times aforesaid, Defendant, acting through agents, servants and/or employees, knew or should have known of the aforesaid defects which created a dangerous condition for persons operating the RV.

23. Defendants failed to warn of the said defects and failed to repair the RV or remove it from use or otherwise remedy the defects and hazards of the Cruise Master although known or should have been known by the defendant before September 18, 2015.

24. As a direct and proximate result of the conduct of the Defendant involved in the preparation, sale and inspection of the vehicle as well as the defects in the RV as described herein, Plaintiff Jelley sustained serious and painful physical and mental injuries all of which are or may be of a permanent nature including but not limited to:

    a. post traumatic stress;

    b. injuries to her lungs from smoke and fire;

    c. burns and contusions;

    d. sleep deprivation;

    e. loss of physical function;

    f. anxiety,and

    g. other serious and potentially permanent injuries which have not manifested

as of the date of the filing of this complaint.

25. As a further result of the conduct of this Defendant and the defects in the Cruise Master RV as aforesaid, Plaintiff Jelley incurred the following damages:

    a. She has suffered and will suffer great pain, inconvenience, embarrassment and mental anguish;

    b. She has been and will be required to expend large sums of money for medical and psychological attention, hospitalization, medical supplies, and medicines;

    c. Her general health, strength and vitality have been impaired;

    d. She has been unable to enjoy the ordinary pleasures of life; and,

    e. Other economic losses undetermined at this time.

26. As a direct and proximate result of the conduct of the Defendant involved in the preparation, sale and inspection of the vehicle as well as the defects in the RV as described herein, Plaintiff Salce sustained serious and painful mental injuries all of which are or may be of a permanent nature including but not limited to:

    a. post traumatic stress;

    b. anxiety;

    c. constant nightmares; and

    d. other serious and potentially permanent injuries which have not manifested as of the date of the filing of this complaint.

27. As a further result of the conduct of this Defendant and the defects in the Cruise Master RV as aforesaid, Plaintiff Salce incurred the following damages:

    a. He has suffered and will suffer great pain, inconvenience, embarrassment

and mental anguish;

b. He will be required to expend large sums of money for mental health and/orpsychological attention, hospitalization, medical supplies, and medicines;

c. His general health, strength and vitality have been impaired;

d. He has been unable to enjoy the ordinary pleasures of life; and,

e. Other economic losses undetermined at this time.

28. In addition to the damages based upon the personal injuries to each Plaintiff, the plaintiffs owned individually, jointly and severally personal property inside the Cruise Master RV, including jewelry, appliances, clothing, cash and other items which were destroyed in the fire. The value of said personal property was well in excess of $75,000.

## COUNT I

## NEGLIGENCE

29. Plaintiffs herein incorporate by reference the averments contained in paragraphs 1 through 28, inclusive, as fully as though the same were set forth herein at length.

30. The serious injuries and damages sustained by Plaintiffs as aforesaid were the result of the careless, reckless, willful, dangerous, fraudulent and negligent conduct of the defendant acting through its agents, servants and/or employees as hereinafter set forth:

a. in selling a defective and dangerous vehicle as described herein above;

b. in failing to properly inspect and repair the fuel leak;

c. in advising the Plaintiffs that the Cruise Master RV was safe to drive:

d. in failing to inspect, repair and/or replace the defective smoke detectors;

e. In failing to warn users of the defects in the RV;

    f.    In failing to inspect, prepare, and make necessary repairs before selling the RV;

    g.    In failing to keep the vehicle off of the road when it was brought in with the complaint involving the fuel odor:

    h.    In failing to properly inspect and road test the vehicle which would have revealedthe defects prior to its sale;

    i.    In otherwise being carless, reckless and negligent under the circumstances presented.

31. As a direct and proximate result of the conduct as set forth herein above, Plaintiffs suffered the injuries and damages as described in paragraphs 24 through 28, said paragraphs are incorporated herein as though the same were set forth at length.

**WHEREFORE,** Plaintiffs, BRENDA JELLEY and JOSEPH F. SALCE, each demand judgment against the Defendant in an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

**A JURY TRIAL IS DEMANDED.**

## COUNT II

### BREACH OF WARRANTY

32. Plaintiffs herein incorporate by reference thereto, the averments contained in paragraphs 1 through 31, inclusive, as fully as though set forth herein at length.

33. Defendant advertised and warranted to the general public and plaintiffs that they sell RVs that are expertly inspected and prepared for sale to the public and are safe for use on all roadways.

34. At all times aforesaid Defendant certified, promoted, advertised and sold a vehicle

that was defective as described herein causing the severe and permanent injuries to the Plaintiffs in breach of this Defendant's expressed warranty and in breach of the implied warranty of merchantability and fitness for a particular purpose.

35.     As a direct and proximate result of the breach of warranty as set forth herein above, Plaintiffs suffered the injuries and damages as described in paragraphs 24 through 28, said paragraphs are incorporated herein as though the same were set forth at length.

**WHEREFORE,** Plaintiffs, BRENDA JELLEY and JOSEPH F. SALCE, each demand judgment against the Defendant in an amount in excess of SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS.

**A JURY TRIAL IS DEMANDED.**

## COUNT III

## STRICT LIABILITY

36.     Plaintiff herein incorporates by reference thereto the averments contained in Paragraphs 1 through 35, inclusive, as fully as though set forth at length herein.

37.     Defendant is strictly liable to Plaintiffs pursuant to the theory of strict liability as set forth in Section 402(a) of the Restatement (Second) of Torts because it sold into commerce a product which was defective, because it failed to warn ultimate users of said defect, because its product malfunctioned and because it failed to adequately inspect and test the same.

38.     In addition, Defendant is strictly liable to plaintiffs pursuant to the theory of strict liability as set forth in Section 402(b) of the Restatement (Second) of Torts in that it made to the public and Plaintiffs, through advertising and other means, misrepresentations of material facts concerning the safety and quality of the subject RV.

39.     As a direct and proximate result of the defective product as described herein above,

Plaintiffs suffered the injuries and damages as described in paragraphs 24 through 28, said paragraphs are incorporated herein as though the same were set forth at length.

**WHEREFORE,** Plaintiffs, BRENDA JELLEY and JOSEPH F. SALCE, each demand judgment against the Defendant in an amount in excess of SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS.

**A JURY TRIAL IS DEMANDED.**

Respectfully submitted,

Dated: September 16, 2017      By:   */s/Alexander J. Jamiolkowski*
Alexander Jamiolkowski, Esquire
PA I.D.   No 34599

By:   */s/ Margaret M. Egan*
Margaret M. Egan, Esquire
PA I.D.   No 34601

EGAN & JAMIOLKOWSKI
428 Forbes Avenue, Suite 1801
Pittsburgh, PA   15219
Email: ajamiolkowski@comcast.net
          margaretegan@comcast.net
PHONE: (412)765-2120
FAX:     (412)765-2996
*Attorneys for Plaintiffs*